Daniel M. Petrocelli (DP-1467) (*pro hac vice*)
Claudia Ray (CR-4132)
Lee K. Fink (LF-5489) (*pro hac vice*)
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036
Telephone:     (212) 326-2000
Facsimile:     (212) 326-2061

*Attorneys for Defendant*
*Metro-Goldwyn-Mayer Home*
*Entertainment LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SONOPRESS GMBH,<br><br>Plaintiff,<br><br>-against-<br><br>METRO-GOLDWYN-MAYER HOME ENTERTAINMENT LLC,<br><br>Defendant. | Civil Action No. 07 Civ 3752 (LTS)<br><br>**DECLARATION OF LEE FINK IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT** |

LEE FINK, ESQ., pursuant to 28 U.S.C. §1746(2), under penalty of perjury, hereby declares as follows:

1. I am a member of the law firm of O'Melveny & Myers LLP, resident in the firm's office located at 1999 Avenue of the Stars, Suite 700, Los Angeles, CA 90067 I am a member in good standing of the Bar of the State of California, and am admitted *pro hac vice* to practice before this Court in the above-entitled matter.

2. Pursuant to Local Civil Rule 1.10 of the Local Rules of the United States District Court for the Southern District of New York, I respectfully submit this declaration in support of

Defendant, Metro-Goldwyn-Mayer Home Entertainment LLC's Motion to Dismiss Plaintiff's Complaint.

3.  Attached hereto as Exhibit A is a true and correct copy of the First Amendment to Distribution Services Agreement dated as of June 30, 2005 by and between MGM Home Entertainment LLC and arvato distribution GmbH, which is referenced in Plaintiff's Opposition to the Motion to Dismiss and in its Conditional Motion for Leave to File an Amended Complaint.

Dated: Los Angeles, California
       August 2, 2007

_____
Lee K. Fink (LF-5489)

CC1:768215.1

EXHIBIT A

## FIRST AMENDMENT TO DISTRIBUTION SERVICES AGREEMENT

This First Amendment to Distribution Services Agreement (this "Amendment") is dated as of June 30, 2005 by and between MGM Home Entertainment LLC ("MGM") and arvato distribution GmbH ("arvato").

Capitalized terms used but not otherwise defined herein shall have the meanings given such terms in the Distribution Services Agreement dated as of August 12, 2004 between MGM and arvato, as supplemented by the letter agreement dated as of February 9, 2005 between MGM and arvato with respect to the Additional Territories of Benelux (collectively, the "Agreement").

WHEREAS, pursuant to the Agreement, MGM retained arvato on an exclusive basis to provide the Services in the Territory and the Additional Territories (collectively, as used herein, the "Territories");

WHEREAS, MGM wishes to terminate the Services in the different Territories at various times before the end of the Term;

WHEREAS, arvato has agreed to permit MGM to terminate the Services early on the condition that MGM enter into a nonexclusive worldwide DVD replication agreement with its affiliate, Sonopress GmbH;

WHEREAS, arvato, MGM and Sony Pictures Home Entertainment ("SPHE") are entering into a Transition Service Agreement as of the date hereof (the "Transition Service Agreement");

WHEREAS, MGM and arvato wish to set forth their understanding in connection with the early termination of the Services hereinbelow;

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, MGM and arvato hereby agree as follows:

1. <u>Early Termination</u>.

    (a)  Subject to the condition precedent set forth in Paragraph 2 below, the Services in the different Territories shall terminate as follows: (i) as of August 12, 2005, United Kingdom, (ii) as of September 1, 2005, Germany and Benelux, and (iii) as of February 28, 2006, France (each such date, a "Scheduled Termination Date"); <u>provided, however</u>, that the Scheduled Termination Dates shall be subject to changes, if any, pursuant to the Transition Service Agreement.

    (b)  Upon termination of the Services in any Territory and complete satisfaction of all obligations required of each party in connection with the Services in such Territory (other than any obligation which continues to survive under the terms of

the Agreement), MGM and arvato shall document their mutual understanding of such termination and full satisfaction in writing. For the avoidance of doubt, such termination and full satisfaction shall not affect any obligation which continues to survive under the terms of the Agreement, namely the obligations under Paragraphs 19 and 23(f) of the Agreement.

(c) In the event MGM wishes to retain arvato to provide some or all of the Services in France for the remainder of 2006 beyond the Scheduled Termination Date for France, MGM and arvato shall negotiate in good faith and attempt to enter into a new and separate distribution services agreement.

2. <u>Condition Precedent</u>. As a condition precedent to the early termination of the Services pursuant to Paragraph 1 above, MGM and Sonopress GmbH shall have entered into a nonexclusive worldwide replication agreement with a volume commitment of no less than 120 million discs over a term of no more than 5 years starting January 1, 2005.

3. <u>Amendment of Certain Provisions</u>.

(a) The renewal option set forth in Paragraph 3 of the Agreement is hereby deleted in its entirety.

(b) The rebate from arvato of € 0.005 per Unit replicated by Sonopress as set forth in Paragraph IX 5 of Exhibit A of the Agreement shall not apply as of January 1, 2005.

(c) Paragraph IV 9 set forth in Exhibit A of the Agreement is hereby deleted in its entirety. Instead, arvato shall provide MGM with 10 hours of systems support, development and service without charge per contractual month per Territory until the respective Scheduled Termination Dates.

4. <u>Procedures on Termination</u>.

(a) <u>Data</u>: Upon expiration of the Agreement or the earlier termination of Services for any of the Territories pursuant to Paragraph 1 above, upon MGM's request, arvato shall use its commercially reasonable efforts to effect the transfer to the appropriate MGM entity or its designated recipient (in electronic form to the extent possible) of all data and other information belonging to MGM or to which MGM is provided access under the Agreement relating to the relevant Services and Territory(ies).

(b) <u>Delivery, Destruction and/or Storage of Materials</u>: Within a reasonable time following the expiration of the Agreement or the earlier termination of Services for any of the Territories pursuant to Paragraph 1 above and consistent with the Transition Service Agreement, upon MGM's instructions, arvato shall do one or more of the following with respect to any components, materials or products supplied by or owned by MGM (the "Materials"): (i) deliver all or a portion of the Materials to such

locations as are designated by MGM, (ii) destroy all or a portion of the Materials, and (iii) store all or a portion of the Materials. Unless otherwise charged pursuant to the Transition Service Agreement, MGM shall be charged no more than the actual costs for such actions with respect to the Materials.

(c) <u>Transition Service Agreement</u>: arvato shall perform transition services in accordance with the Transition Service Agreement and cooperate with MGM and SPHE to ensure a smooth transition to the new distribution service provider. During such transition period, MGM shall not be subject to the exclusivity provision under Paragraph 5 of the Agreement with respect to the relevant Service and Territory(ies).

5. <u>Fee Adjustment</u>. The fee adjustment as provided in Paragraph IX 1(a) of Exhibit A of the Agreement shall be calculated and charged in accordance with the respective local pricing Exhibit in the last invoice for the Services of each of the respective Territories.

6. <u>Choice of Law</u>. This Amendment shall be governed and construed in accordance with the laws of the State of New York and the parties consent and agree to the exclusive jurisdiction of the state and federal courts having jurisdiction over New York County, New York.

7. <u>No Other Amendment</u>. Except as amended or supplemented by this Amendment, all terms and conditions of the Agreement shall remain in full force and effect.

IN WITNESS THEREOF, the parties have caused this Amendment to be executed by their duly authorized representatives as of the day and year first above mentioned.

MGM Home Entertainment LLC

By: _____
Name: Blake Thomas
Title: Executive Vice President

arvato distribution GmbH

By: _____
Name: _Ralf Büttrich_
Title: _President_

3