Daniel M. Petrocelli (*pro hac vice*)
Claudia Ray
Lee K. Fink (*pro hac vice*)
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY  10036
Telephone:     (212) 326-2000
Facsimile:     (212) 326-2061

*Attorneys for Defendant*
*Metro-Goldwyn-Mayer Home*
*Entertainment LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SONOPRESS GMBH,<br><br>                    Plaintiff,<br><br>-against-<br><br>METRO-GOLDWYN-MAYER HOME ENTERTAINMENT LLC,<br><br>                    Defendant. | Civil Action No. 07 Civ 3752 (LTS)<br><br>**DEFENDANT METRO-GOLDWYN-MAYER HOME ENTERTAINMENT LLC'S ANSWER** |

Defendant Metro-Goldwyn-Mayer Home Entertainment LLC ("MGM"), by and through its attorneys O'Melveny & Myers LLP, answers the Complaint filed by Sonopress GmbH ("Plaintiff") in the above-captioned matter as follows:

1.      Defendant denies for want of knowledge or information each and every averment and allegation of Paragraph 1.

2. Defendant denies each and every averment and allegation of Paragraph 2 except as follows: Avers that MGM is a Delaware Limited Liability Company. The sole member of MGM is Metro-Goldwyn-Mayer Studios Inc., a Delaware corporation with its principal place of business in Los Angeles, California.

3. Defendant denies each and every averment and allegation of Paragraph 3 except as follows: Admits that Plaintiff is seeking damages and indemnification, but denies that it is entitled to any such relief.

4. Defendant denies each and every averment and allegation of Paragraph 4 except as follows: Admits that Plaintiff is seeking declaratory judgment, but denies that it is entitled to any such relief.

5. Admitted.

6. Defendant denies each and every averment and allegation of Paragraph 6 except as follows: Admits that Defendant is subject to the personal jurisdiction of this Court.

7. Admitted.

8. Admitted.

9. Admitted.

10. Defendant denies each and every averment and allegation of Paragraph 10 except as follows: Admits that MGM sent Sonopress a Memorandum on May 3, 2005 and refers the Court to that Memorandum for its true and complete terms.

11. Defendant denies each and every averment and allegation of Paragraph 11 except as follows: Admits that MGM sent Sonopress a Memorandum on May 3, 2005 and refers the Court to that Memorandum for its true and complete terms.

12. Defendant denies each and every averment and allegation of Paragraph 12 except as follows: Admits that MGM sent Sonopress a Memorandum on May 3, 2005 and refers the Court to that Memorandum for its true and complete terms.

13. Defendant denies each and every averment and allegation of Paragraph 13 except as follows: Admits that MGM and Sonopress entered into a DVD replication agreement as of January 1, 2005, and refers the Court to that agreement for its true and complete terms.

14. Defendant denies each and every averment and allegation of Paragraph 14 except as follows: Admits that MGM and Sonopress entered into a DVD replication agreement as of January 1, 2005, and refers the Court to that agreement for its true and complete terms.

15. Defendant denies each and every averment and allegation of Paragraph 15 except as follows: Admits that MGM and Sonopress entered into a DVD replication agreement as of January 1, 2005, and refers the Court to that agreement for its true and complete terms.

16. Defendant denies each and every averment and allegation of Paragraph 16 except as follows: Admits that MGM and Sonopress entered into a DVD replication agreement as of January 1, 2005, and refers the Court to that agreement for its true and complete terms.

17. Defendant denies each and every averment and allegation of Paragraph 17 except as follows: Admits that MGM and Sonopress entered into a DVD replication agreement as of January 1, 2005, and refers the Court to that agreement for its true and complete terms.

18. Defendant denies each and every averment and allegation of Paragraph 18 except as follows: Admits that MGM and Sonopress entered into a DVD replication agreement as of January 1, 2005, and refers the Court to that agreement for its true and complete terms.

19. Defendant denies each and every averment and allegation of Paragraph 19 except as follows: Denies for want of knowledge that on January 17, 2007, the parent company of Cinram International, Inc. ("Cinram") issued a press release announcing a multi-year replication agreement with MGM, but to the extent that it did, refers the Court to that press release for its true and complete terms.

20. Defendant denies each and every averment and allegation of Paragraph 20.

21. Defendant denies each and every averment and allegation of Paragraph 21 except as follows: Admits that MGM instructed Sonopress to allow Cinram access to materials needed to fulfill DVD replication orders that MGM placed with Cinram.

22. Defendant denies each and every averment and allegation of Paragraph 22 except as follows: Admits that MGM sent to Sonopress a letter of February 7, 2007, and refers the Court to that letter for its true and complete terms; MGM further admits that it gave Sonopress adequate assurance of performance.

23. Defendant denies each and every averment and allegation of Paragraph 23 except as follows: Admits that MGM gave Sonopress adequate assurance of performance.

24. Defendant denies each and every averment and allegation of Paragraph 24 except as follows: Admits that MGM gave Sonopress adequate assurance of performance.

25. Defendant denies each and every averment and allegation of Paragraph 25 except as follows:  Admits that MGM sent to Sonopress a March 16, 2007 e-mail and refers the Court to that e-mail for its true and complete terms.

26. Defendant denies each and every averment and allegation of Paragraph 26 except as follows:  Admits that MGM placed replication orders with Sonopress after entering into the agreement with Cinram.

27. Defendant denies each and every averment and allegation of Paragraph 27.

28. Defendant denies each and every averment and allegation of Paragraph 28.

29. Defendant repeats and incorporates its responses to paragraphs 1-28.

30. Paragraph 30 consists of conclusions of law requiring no answer; to the extent that Paragraph 30 requires a response, Defendant denies each and every averment and allegation of Paragraph 30 except as follows:  Admits that MGM and Sonopress entered into a DVD replication agreement as of January 1, 2005, and refers the Court to that agreement for its true and complete terms.

31. Paragraph 31 consists of conclusions of law requiring no answer; to the extent that Paragraph 31 requires a response, Defendant denies each and every averment and allegation of Paragraph 31.

32. Paragraph 32 consists of conclusions of law requiring no answer; to the extent that Paragraph 32 requires a response, Defendant denies each and every averment and allegation of Paragraph 32.

33. Paragraph 33 consists of conclusions of law requiring no answer; to the extent that Paragraph 33 requires a response, Defendant denies each and every averment and allegation of Paragraph 33.

34. Defendant repeats and incorporates its responses to paragraphs 1-28 and 30-31.

35. Paragraph 35 consists of conclusions of law requiring no answer; to the extent that Paragraph 35 requires a response, Defendant denies each and every averment and allegation of Paragraph 35.

36. Paragraph 36 consists of conclusions of law requiring no answer; to the extent that Paragraph 36 requires a response, Defendant denies each and every averment and allegation of Paragraph 36.

37. Defendant repeats and incorporates its responses to paragraphs 1-28 and 30-31.

38. Paragraph 38 consists of conclusions of law requiring no answer; to the extent that Paragraph 38 requires a response, Defendant denies each and every averment and allegation of Paragraph 38 except as follows: Admits that MGM and Sonopress entered into a DVD replication agreement as of January 1, 2005, and refers the Court to that agreement for its true and complete terms.

39. Paragraph 39 consists of conclusions of law requiring no answer; to the extent that Paragraph 39 requires a response, Defendant denies each and every averment and allegation of Paragraph 39.

40. Paragraph 40 consists of conclusions of law requiring no answer; to the extent that Paragraph 40 requires a response, Defendant denies each and every averment and allegation of Paragraph 40.

41. Defendant repeats and incorporates its responses to paragraphs 1-28 and 30-31, 35-36, and 38-40.

42. Paragraph 42 consists of conclusions of law requiring no answer; to the extent that Paragraph 42 requires a response, Defendant denies each and every averment and allegation of Paragraph 42.

43. Paragraph 43 consists of conclusions of law requiring no answer; to the extent that Paragraph 43 requires a response, Defendant denies each and every averment and allegation of Paragraph 43 except as follows: Admits that MGM and Sonopress entered into a DVD replication agreement as of January 1, 2005, and refers the Court to that agreement for its true and complete terms.

44. Paragraph 44 consists of conclusions of law requiring no answer; to the extent that Paragraph 44 requires a response, Defendant denies each and every averment and allegation of Paragraph 44, including its subparts.

In response to Plaintiffs' claim for relief, Defendant denies that Plaintiff is entitled to any of the relief requested.

**<u>AFFIRMATIVE DEFENSES</u>**

As and for its affirmative defenses to all causes of action purported to be set forth against it by Plaintiff Defendant avers as follows:

### FIRST AFFIRMATIVE DEFENSE

### (Estoppel)

Claimants Plaintiff is estopped from asserting the claims alleged in its Complaint.

### SECOND AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff waived any right to the relief sought.

### THIRD AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

### (Acquiescence and Consent)

Plaintiff acquiesced or consented to the acts and omissions about which they now complain.

### FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff's claims are barred in whole or in part because of Plaintiff's failure to mitigate damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiff's claims are barred because the grant of any relief would unjustly enrich them at MGM's expense and detriment.

WHEREFORE, Defendant MGM demands judgment as follows:

a. That the Complaint and each cause of action therein be dismissed with prejudice;

b. That Plaintiffs' requests for damages, remedies, fees, costs, and other relief be denied in their entirety, and that Plaintiffs take nothing by way of the Complaint;

c. That Defendant be awarded costs of suit herein; and

d. That the Court order such other and further relief for Defendant as the Court may deem just and proper.

Dated: September 7, 2007

By /s/ Lee K. Fink
Daniel M. Petrocelli (*pro hac vice*)
Claudia Ray
Lee K. Fink (*pro hac vice*)
Times Square Tower
7 Times Square
New York, New York 10036
Telephone: (212) 326-2000
Facsimile: (212) 326-2061

*Attorneys for Defendant*
METRO-GOLDWYN-MAYER HOME ENTERTAINMENT LLC