UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SONOPRESS GmbH,

    Plaintiff,

v.

METRO-GOLDWYN-MAYER HOME
ENTERTAINMENT LLC,
    Defendant.

Case No. 07 Civ 3752 (LTS)

---

## STIPULATED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court enters the following Protective Order ("Order") limiting the disclosure and use of certain discovered information as hereinafter provided.

IT IS HEREBY ORDERED THAT:

1.    Designation of Confidentiality.

    (a)    All documents and information produced by a party (the "Producing Party") in conjunction with this litigation that contain or are derived from trade secrets or other confidential research, development, or competitively sensitive commercial information, including documents or information reflecting, containing or derived from confidential pricing, production cost, product formulation, business plans, marketing or customer information within the meaning of Rule 26(c)(7) ("Confidential Information") may be designated "CONFIDENTIAL" by that party.

(b) The designation of information as "CONFIDENTIAL" shall constitute a representation that such document, material or information has been reviewed and that the designating party has a good faith basis for the designation.

(c) A person receiving Confidential Information shall not use or disclose the information except for the purposes set forth in this Order or by such orders as may be issued by the Court during the course of this litigation. The provisions of this Order extend to all designated Confidential Information regardless of the manner in which it is disclosed, including but not limited to documents, interrogatory answers, responses to requests for admissions, deposition testimony and transcripts, deposition exhibits, any other discovery materials produced by a party in response to or in connection with any discovery conducted in this litigation, and any copies, notes, abstracts or summaries of the foregoing.

2. <u>Means Of Designating Documents Confidential</u>. Documents or information may be designated "CONFIDENTIAL" within the meaning of this Order in the following ways:

(a) <u>Documents</u>. Counsel for the Producing Party will place the following legend on each page of any such document: "CONFIDENTIAL".

(b) <u>Interrogatory answers and responses to requests for admissions</u>. Counsel for the Producing Party will place a statement in the answers or responses specifying that the answers or responses or specific parts thereof are designated "CONFIDENTIAL". In addition, counsel for the Producing Party will place the following legends on the front of any set of interrogatory answers or responses to requests for admission containing Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION" and "Designated parts not to be used, copied or disclosed except as authorized by Court Order."

2

(c) <u>Depositions</u>. Counsel for the Producing Party or the witness producing such information will identify on the record the portions of the transcript (including exhibits) that contain Confidential Information or will submit a letter making that identification within 30 days of receipt of the deposition transcript or a copy thereof, or written notification that the transcript is available. The entire deposition transcript (including exhibits) shall be treated as Confidential Information under this Order until the expiration of the 30-day period for designation by letter, except that the deponent may review the transcript during this 30-day period. The following legend shall be placed on the front of the original deposition transcript and each copy of the transcript containing Confidential Information: "CONTAINS CONFIDENTIAL INFORMATION"; and "Designated parts not to be used, copied or disclosed except as authorized by Court Order." If all or part of a videotaped deposition is designated as "CONFIDENTIAL," the videocassette, other videotape container or DVD shall be labeled with these legends.

(d) <u>Electronic Data</u>: "Electronic data" means information stored or recorded in the form of electronic or magnetic media (including information, files, databases or programs stored on any digital or analog machine-readable device, computers, discs, networks or tapes). Counsel for the Producing Party will designate Electronic Data as "CONFIDENTIAL" in a cover letter identifying the information generally. When feasible, counsel for the Producing Party will also mark the electronic or magnetic media with the appropriate designation. Whenever any party to whom Electronic Data designated as Confidential Information is produced reduces such material to hardcopy form, such party shall mark such hardcopy form with the legends provided for in Paragraph 2(a) above. Whenever any "CONFIDENTIAL" Electronic Data is copied into another file, all such copies shall also be marked "CONFIDENTIAL" as appropriate.

3

(e) To the extent that any party or counsel for any party creates, develops or otherwise establishes on any digital or analog machine-readable device, recording media, computers, discs, networks or tapes any information, files, databases or programs that contain information designated "CONFIDENTIAL", that party and its counsel must take all necessary steps to insure that access to that electronic or magnetic media is properly restricted to those persons who, by the terms of this Order, may have access to Confidential Information.

(f) <u>Documents and materials filed with the Court</u>. Any Confidential Information filed with the Court shall be filed in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this litigation, a generic designation of the contents, the words "CONFIDENTIAL INFORMATION" and "SUBJECT TO COURT ORDER" and words in substantially the following form:

> This envelope contains documents which are filed under seal in this case by [name of party] and, by Order of this Court dated _____, 2007, shall not be opened nor its contents displayed or revealed except as provided in that Order or by further Order of the Court.

Any pleading or other paper required to be filed under seal pursuant to this Paragraph shall also bear the legend "FILED UNDER SEAL" in the upper-right hand corner of the cover page of the document. Only those portions of such documents and materials containing or reflecting Confidential Information shall be considered "CONFIDENTIAL" and may be disclosed only in accordance with this Order. Where feasible, only those portions of such filings which are Confidential Information shall be filed under seal. No party or other person may have access to any sealed document from the files of the Court without an order of the Court. The "Judge's

4

Copy" of a sealed document may be opened by the presiding Judge, the presiding Judge's law clerks and other Court personnel without further order of the Court.

Each document filed under seal may be returned to the party which filed it (1) if no appeal is taken, within ninety days after a final judgment is rendered, or (2) if an appeal is taken, within thirty days after the mandate of the last reviewing court which disposes of this litigation in its entirety is filed ("the final resolution of this litigation"). If the party that filed a sealed document fails to remove the document within the appropriate time frame, the Clerk may destroy the document, return the document to counsel for the Producing Party or the party that filed the sealed document (if not the same as the Producing Party) upon request within two years after termination of the litigation, or take any other action with respect to the document it deems appropriate.

Regardless of any provision in this Order to the contrary, a party is not required to file a document under seal if the Confidential Information contained or reflected in the document was so designated solely by that party.

3. <u>Use of Confidential Information</u>. Confidential Information shall not be used by any person, other than the Producing Party, for any purpose other than prosecuting, defending or settling this litigation. In no event shall Confidential Information be used for any business, competitive, personal, private, public or other purpose, except as required by law.

4. <u>Disclosure of Confidential Information</u>. Access to information designated "CONFIDENTIAL" pursuant to this Order shall be limited to:

(a) Counsel for the parties, including internal counsel, as well as their respective paralegal, investigative, technical, secretarial and clerical personnel who are engaged in assisting them in this litigation;

5

  (b)  Outside photocopying, document storage, data processing or graphic production services employed or retained by the parties or their counsel to assist in this litigation;

  (c)  Any outside expert, consultant or investigator retained by counsel for the purposes of consulting or testifying in this litigation, provided that Paragraph 6 of this Protective Order has been complied with;

  (d)  Any director, officer or employee of a party charged with the responsibility for making business decisions dealing directly with the issues raised in this action, provided that Paragraph 6 of this Protective Order has been complied with;

  (e)  Any current employee of the Producing Party and any other person who authored, received or otherwise has been provided access to (in the ordinary course, outside this action) the Confidential Information sought to be disclosed to that person;

  (f)  This Court, the appellate court(s), the Court's personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation;

  (g)  Witnesses in good faith preparation for, during the course of, or in review of deposition or (subject to the provisions of Paragraph 8) trial testimony; provided however, that before disclosing Confidential Information to any person who is a competitor, customer, distributor, or supplier of the Producing Party, or an employee or agent of a competitor, customer, distributor, or supplier of the Producing Party, the party wishing to make such disclosure shall advise the witness of the provisions of this Order as required by Paragraph 6; and

  (h)  Any other person to whom the Producing Party agrees in writing or on the record in advance of the disclosure, provided that Paragraph 6 of this Protective Order has

6

been complied with and any other person whom the Court directs should have access to the Confidential Information.

5. <u>Non-Application of Order</u>. The restrictions set forth above shall not apply to documents or information designated Confidential which (1) were, are or become public knowledge, not in violation of this Order, or (2) were or are discovered independently by the receiving party.

6. <u>Notification of Confidentiality Order.</u>

(a) Confidential Information shall not be disclosed to persons described in Paragraphs 4(c), 4(d), 4(g) or 4(h) unless and until such persons are provided a copy of this Protective Order, represent that they have read and understand the provisions of this Order, are advised by the disclosing counsel that they are bound by the provisions of this Protective Order and execute an Agreement of Confidentiality ("Confidentiality Agreement") in substantially the form attached hereto as Exhibit A; provided, however, that individuals described in paragraph 4(g) are not required to execute a Confidentiality Agreement.

(b) The originals of such Confidentiality Agreements shall be maintained by the counsel who obtained them until the final resolution of this litigation. Confidentiality Agreements and the names of persons who signed them shall not be subject to discovery except upon agreement of the parties or further order of the Court after application upon notice and good cause shown.

7. <u>Objections to Designations</u>. A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time material so designated is produced, and a failure to do so shall not preclude a subsequent challenge thereto. In the event a party objects to the designation of any material under this Order by another party, the objecting

party first shall consult with the designating party to attempt to resolve their differences. If the parties are unable to reach an accord as to the proper designation of the material, the objecting party may apply to the Court for a ruling that the material shall not be so treated, giving notice to the party which has designated the material. If such a motion is made, the designating party will have the burden to establish that the designation is proper. If no such motion is made, the material will remain as designated. Any documents or other materials that have been designated "CONFIDENTIAL" shall be treated as such until the Court rules that they should not be so treated, and a 10-day period to move to reconsider or appeal that ruling has expired without a motion to reconsider or an appeal having been filed.

8.   <u>Use of Confidential Information at Trial or Hearing</u>. The restrictions, if any, that will govern the use of Confidential Information at trial or hearings will be determined at a later date by the parties, in consultation with the Court if necessary.

9.   <u>Preservation of Rights and Privileges</u>. Nothing contained in this Order shall affect the right of any party or witness to make any other available objection or other response to discovery requests, including, without limitation, interrogatories, requests for admissions, requests for production of documents, questions at a deposition, or any other discovery request. This Order shall not be construed as a waiver by any party of any legally cognizable privilege to withhold any Confidential Information, or of any right that any party may have to assert such privilege at any stage of this litigation.

10.  <u>Return of Materials</u>. Within sixty (60) days after the final resolution of this litigation and all related civil litigation, all Confidential Information, including all copies, abstracts and summaries, shall be returned to counsel for the Producing Party or, if the Producing

Party's counsel is so informed, destroyed, with the party that had received the Confidential Information certifying to the return or destruction as appropriate.

11. <u>Inadvertent Disclosure</u>. The inadvertent or unintentional disclosure by the Producing Party of Confidential Information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. Upon learning of an inadvertent or unintentional disclosure of Confidential Information, the Producing Party shall within thirty (30) days designate such information as "CONFIDENTIAL". The obligation to treat such information as "CONFIDENTIAL" shall run prospectively from the date of designation. Nothing contained within this Paragraph prevents a party from challenging such a designation of documents or information pursuant to the procedures contained in Paragraph 7.

12. <u>Waiver of Privilege.</u>

(a) The inadvertent production or disclosure of any document, material, or information subject to the attorney-client privilege, attorney work product protections, or any other applicable privilege against disclosure, shall not be deemed a waiver, in whole or in part, of the Producing Party's claim of such privilege, unless the Producing Party failed to exercise reasonable care in light of the facts and circumstances surrounding the inadvertent production.

(b) Upon the written request of the party that made the inadvertent production, all copies of the inadvertently produced documents and documents derived therefrom shall be promptly returned or destroyed. However, if the party receiving the inadvertently produced documents intends to challenge any claim of privilege over such documents based on the inadvertent production, it must do so within 7 days after receiving a written request from the

Producing Party seeking the return or destruction of the inadvertently produced materials. During the pendency of any such challenge to a claim of privilege, the receiving party may retain the inadvertently produced materials, but may use such materials only for the purpose of litigating the claim of privilege.

   (c)  The return or destruction of inadvertently produced materials pursuant to this Paragraph 12 shall not preclude the parties returning or destroying the subject documents from moving to compel the production of the returned or destroyed documents on any ground other than that the documents were produced. A party's compliance with the terms of this Order shall not operate as an admission that any particular document is or is not (1) confidential, (2) privileged or (3) admissible in evidence at trial.

  13.  Subpoenas. Any party or person in possession of Confidential Information who receives a subpoena or other process from any person or entity who is not a party to this Order, which subpoena seeks production or other disclosure of such Confidential Information, shall promptly and in any case within three (3) business days give telephonic notice and written notice by overnight delivery or facsimile to counsel for the Producing Party who designated the materials as "CONFIDENTIAL," identifying the materials sought and enclosing a copy of the subpoena or other process. The party or person receiving the subpoena shall also inform the person seeking the Confidential Information that such information is subject to this Protective Order. No production or other disclosure of such information pursuant to the subpoena or other process shall occur before the last date on which production may be made as specified in or required by the subpoena or other process. Nothing contained within this Paragraph shall obligate any party or person who receives a subpoena or other process seeking the production or

disclosure of Confidential Information to resist such production or disclosure, or be construed as encouraging any party or person not to comply with any court order, subpoena, or other process.

    14.    Application to Non-Parties. This Order shall apply to any non-party who is obligated to provide discovery, by deposition, production of documents or otherwise, in this litigation, if that non-party requests the protection of this Order as to its Confidential Information and agrees to be bound by the provisions of this Order by executing a Confidentiality Agreement in substantially the form attached hereto as Exhibit A. This Order shall also apply to non-parties who are afforded access to documents or information produced during discovery in this litigation, whether by deposition, production of documents or otherwise. Such non-parties shall execute a Confidentiality Agreement in substantially the form attached hereto as Exhibit A.

    15.    Modification of the Order.

        (a)    The Parties recognize that either or both Parties may determine that a higher degree of protection is appropriate for certain information produced during this litigation, such that this order should be amended to include an "Attorneys Eyes Only" provision. In such a case, the Parties agree to meet and confer in good faith to resolve the issue. If the Parties are unable to reach an agreement for a modification of this stipulation and protective order, the Parties shall submit the matter to the magistrate judge for resolution.

        (b)    This Order shall not foreclose a Party from moving this Court for an order that documents or information within the meaning of this Order are, in fact, not "CONFIDENTIAL" or otherwise protectable under Rule 26(c). In addition, this Order shall not prevent a Party from applying to the Court for relief therefrom, or from applying to the Court for further or additional protective orders, or from agreeing to modification of this Order, subject to the approval of the Court.

16. Upon the final resolution of this litigation, the provisions of this Order shall continue to be binding. This Court expressly retains jurisdiction over this action for enforcement of the provisions of this Order following the final resolution of this litigation.

17. This Order is binding on all parties to this action, on all third parties who have agreed to be bound by this Order and on all others who have signed the Agreement in substantially the form attached hereto as Exhibit A, and shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by Order of the Court.

18. All time periods set forth in this Order shall be calculated according to Rule 6 of the Federal Rules of Civil Procedure, as then in effect.

19. <u>Execution in Counterparts</u>. This agreement may be executed in counterparts. Facsimile signatures will be considered as valid signatures as of the date hereof, although the original signature pages will thereafter be appended to this agreement and filed with the Court.

STIPULATED AND AGREED TO:

Dated: August 30, 2007

By _____
Alan Kanzer (AK 5839)
Amber C. Wessels (AW 2322)
ALSTON & BIRD LLP
90 Park Avenue
New York, New York 10016
(212) 210-9400
*Attorneys for Plaintiff*

By _____
Daniel M. Petrocelli (DP-1467) (*pro hac vice*)
Claudia Ray (CR-4132)
Lee K. Fink (LF-5489) (*pro hac vice*)
O'MELVENY & MYERS LLP
Times Square Tower, 7 Times Square
New York, New York 10036
(212) 326-2000
*Attorneys for Defendant*

SO ORDERED: 9/24/07
_____
KEVIN NATHANIEL FOX, U.S.M.J.

12

*(handwritten signatures: "USDJ" and "KNF USMJ")*

Exhibit A

I, _____ (insert name, business title, and employer), state: that I reside at _____, in the City of _____, State of _____; that I have read and fully understand the Stipulated Protective Order, dated _____, in the action titled *Sonopress GmbH v. Metro-Goldwyn-Mayer*, pending in the United States District Court, Southern District of New York; that I am fully familiar with and agree to comply with and be bound by the provisions of this Stipulated Protective Order; and that I agree not to disclose Confidential Material I review in any way that is inconsistent with this Stipulated Protective Order. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of this Stipulated Protective Order. If I fail to abide by the terms of this Stipulated Protective Order, I understand that I may be subject to sanctions under the contempt power of this Court.

Dated at _____, _____

this _____ day of _____, 200_.

_____
(Signature)