Daniel M. Petrocelli (*pro hac vice*)
Claudia Ray
Lee K. Fink (*pro hac vice*)
O'MELVENY & MYERS LLP
Times Square Tower
7 Times Square
New York, NY  10036
Telephone:   (212) 326-2000
Facsimile:   (212) 326-2061

*Attorneys for Defendant*
*Metro-Goldwyn-Mayer Home*
*Entertainment LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SONOPRESS GMBH,<br><br>                          Plaintiff,<br><br>-against-<br><br>METRO-GOLDWYN-MAYER HOME ENTERTAINMENT LLC,<br><br>                          Defendant. | Civil Action No. 07 Civ 3752 (LTS)<br><br>**DEFENDANT METRO-GOLDWYN-MAYER HOME ENTERTAINMENT LLC'S ANSWER TO THE FIRST AMENDED COMPLAINT** |

Defendant Metro-Goldwyn-Mayer Home Entertainment LLC ("MGM"), by and through its attorneys O'Melveny & Myers LLP, answers the Complaint filed by Sonopress GmbH ("Plaintiff") in the above-captioned matter as follows:

1.     Defendant denies for want of knowledge or information each and every averment and allegation of Paragraph 1.

2.	Defendant denies each and every averment and allegation of Paragraph 2 except as follows:  Avers that MGM is a Delaware Limited Liability Company.  The sole member of MGM is Metro-Goldwyn-Mayer Studios Inc., a Delaware corporation with its principal place of business in Los Angeles, California.

3.	Defendant denies each and every averment and allegation of Paragraph 3 except as follows:  Admits that Plaintiff is seeking damages and indemnification, but denies that it is entitled to any such relief.

4.	Defendant denies each and every averment and allegation of Paragraph 4 except as follows:  Admits that Plaintiff is seeking declaratory judgment, but denies that it is entitled to any such relief.

5.	Admitted.

6.	Defendant denies each and every averment and allegation of Paragraph 6 except as follows:  Admits that Defendant is subject to the personal jurisdiction of this Court.

7.	Admitted.

8.	Admitted.

9.	Defendant denies each and every averment and allegation of Paragraph 9 except as follows:  Admits Sony Corporation, together with Comcast and a consortium of private equity investors bought Metro-Goldwyn-Mayer Inc., the indirect parent of Defendant MGM.  MGM decided to move distribution under the DSA from arvato distribution to Sony Pictures Entertainment.  Defendant further admits that Sony issued a press release on Apirl 8, 2005, and refers the Court to that press release for its true and complete terms.

10. Defendant denies each and every averment and allegation of Paragraph 10 except as follows: Admits that MGM sent Sonopress a Memorandum on May 3, 2005 and refers the Court to that Memorandum for its true and complete terms.

11. Defendant denies each and every averment and allegation of Paragraph 11 except as follows: Admits that MGM sent Sonopress a Memorandum on May 3, 2005 and refers the Court to that Memorandum for its true and complete terms.

12. Defendant denies each and every averment and allegation of Paragraph 12 except as follows: Admits that MGM sent Sonopress a Memorandum on May 3, 2005 and refers the Court to that Memorandum for its true and complete terms.

13. Defendant denies each and every averment and allegation of Paragraph 13 except as follows: Admits that MGM and Sonopress entered into a DVD replication agreement as of January 1, 2005, and refers the Court to that agreement for its true and complete terms.

14. Defendant denies each and every averment and allegation of Paragraph 14 except as follows: Admits that in July 2005, MGM and Sonopress entered into a DVD replication agreement dated as of January 1, 2005, and refers the Court to that agreement for its true and complete terms.

15. Defendant denies each and every averment and allegation of Paragraph 15 except as follows: Admits that MGM and Sonopress entered into a DVD replication agreement as of January 1, 2005, and refers the Court to that agreement for its true and complete terms.

16. Defendant denies each and every averment and allegation of Paragraph 16 except as follows: Admits that MGM and Sonopress entered into a DVD replication agreement as of January 1, 2005, and refers the Court to that agreement for its true and complete terms.

17. Defendant denies each and every averment and allegation of Paragraph 17 except as follows: Admits that MGM and Sonopress entered into a DVD replication agreement as of January 1, 2005, and refers the Court to that agreement for its true and complete terms.

18. Defendant denies each and every averment and allegation of Paragraph 18 except as follows: Admits that MGM and Sonopress entered into a DVD replication agreement as of January 1, 2005, and refers the Court to that agreement for its true and complete terms.

19. Paragraph 19 consists of conclusions of law requiring no answer; to the extent that Paragraph 19 requires a response, Defendant denies each and every averment and allegation of Paragraph 19.

20. Defendant denies each and every averment and allegation of Paragraph 20 except as follows: Admits that MGM and arvato executed a First Amendment to the DSA, and refers the Court to that agreement for its true and complete terms.

21. Defendant denies each and every averment and allegation of Paragraph 21 except as follows: Admits that MGM and arvato executed a First Amendment to the DSA, and refers the Court to that agreement for its true and complete terms.

22. Defendant denies each and every averment and allegation of Paragraph 22 except as follows: Admits that on January 17, 2007, the parent company of Cinram International, Inc. ("Cinram") issued a press release announcing a multi-year replication

agreement with MGM, but to the extent that it did, refers the Court to that press release for its true and complete terms.

23. Paragraph 23 consists of conclusions of law requiring no answer; to the extent that Paragraph 23 requires a response, Defendant denies each and every averment and allegation of Paragraph 23.

24. Defendant denies each and every averment and allegation of Paragraph 24.

25. Defendant denies each and every averment and allegation of Paragraph 25 except as follows: Admits that MGM instructed Sonopress to allow Cinram access to materials needed to fulfill DVD replication orders that MGM placed with Cinram.

26. Defendant denies each and every averment and allegation of Paragraph 26 except as follows: Admits that MGM sent to Sonopress a letter of February 7, 2007, and refers the Court to that letter for its true and complete terms; MGM further admits that it gave Sonopress adequate assurance of performance.

27. Defendant denies each and every averment and allegation of Paragraph 27 except as follows: Admits that MGM gave Sonopress adequate assurance of performance.

28. Defendant denies each and every averment and allegation of Paragraph 28 except as follows: Admits that MGM gave Sonopress adequate assurance of performance.

29. Defendant denies each and every averment and allegation of Paragraph 29 except as follows: Admits that MGM sent to Sonopress a March 16, 2007 e-mail and refers the Court to that e-mail for its true and complete terms.

30. Defendant denies each and every averment and allegation of Paragraph 30 except as follows: Admits that MGM placed replication orders with Sonopress after entering into the agreement with Cinram.

31. Defendant denies each and every averment and allegation of Paragraph 31 except as follows: Admits that MGM placed replication orders with Sonopress for the Spain territory after entering into the agreement with Cinram.

32. Defendant denies each and every averment and allegation of Paragraph 32 except as follows: Admits that Sonopress accepted MGM's order for DVD replications in Spain.

33. Defendant denies each and every averment and allegation of Paragraph 33 except as follows: Admits that Sonopress has replicated approximately 18.8 million DVD units pursuant to the agreement between Sonopress and MGM as of the date of the First Amended Complaint, and that if hypothetically, MGM orders only 3 million units from Sonopress per year through 2010, then MGM will have ordered nearly 27 million DVD units by the end of 2009, but denies that this fact is in any way material.

34. Paragraph 34 consists of conclusions of law requiring no answer; to the extent that Paragraph 34 requires a response, Defendant denies each and every averment and allegation of Paragraph 34 except as follows: Admits that Sonopress was aware of MGM's exclusive and non-exclusive DVD replication commitments when it entered into the Agreement, and refers the Court to MGM's Memorandum of Law in Support of its Motion to Dismiss the Complaint for its true and complete terms.

35. Defendant denies each and every averment and allegation of Paragraph 35.

36. Defendant denies each and every averment and allegation of Paragraph 36.

37. Defendant repeats and incorporates its responses to paragraphs 1-36.

38. Paragraph 38 consists of conclusions of law requiring no answer; to the extent that Paragraph 38 requires a response, Defendant denies each and every averment and allegation of Paragraph 38 except as follows: Admits that MGM and Sonopress entered into a DVD replication agreement as of January 1, 2005, and refers the Court to that agreement for its true and complete terms.

39. Paragraph 39 consists of conclusions of law requiring no answer; to the extent that Paragraph 39 requires a response, Defendant denies each and every averment and allegation of Paragraph 39.

40. Paragraph 40 consists of conclusions of law requiring no answer; to the extent that Paragraph 40 requires a response, Defendant denies each and every averment and allegation of Paragraph 40.

41. Paragraph 41 consists of conclusions of law requiring no answer; to the extent that Paragraph 41 requires a response, Defendant denies each and every averment and allegation of Paragraph 41.

42. Defendant repeats and incorporates its responses to paragraphs 1-36 and 38-39.

43. Paragraph 43 consists of conclusions of law requiring no answer; to the extent that Paragraph 43 requires a response, Defendant denies each and every averment and allegation of Paragraph 43.

44. Paragraph 44 consists of conclusions of law requiring no answer; to the extent that Paragraph 44 requires a response, Defendant denies each and every averment and allegation of Paragraph 44.

45. Defendant repeats and incorporates its responses to paragraphs 1-36 and 38-39.

46. Paragraph 46 consists of conclusions of law requiring no answer; to the extent that Paragraph 46 requires a response, Defendant denies each and every averment and allegation of Paragraph 46 except as follows: Admits that MGM and Sonopress entered into a DVD replication agreement as of January 1, 2005, and refers the Court to that agreement for its true and complete terms.

47. Paragraph 47 consists of conclusions of law requiring no answer; to the extent that Paragraph 47 requires a response, Defendant denies each and every averment and allegation of Paragraph 47.

48. Paragraph 48 consists of conclusions of law requiring no answer; to the extent that Paragraph 48 requires a response, Defendant denies each and every averment and allegation of Paragraph 48.

49. Defendant repeats and incorporates its responses to paragraphs 1-36, 38-39, 43-44, and 46-47.

50. Paragraph 50 consists of conclusions of law requiring no answer; to the extent that Paragraph 50 requires a response, Defendant denies each and every averment and allegation of Paragraph 50.

51. Paragraph 51 consists of conclusions of law requiring no answer; to the extent that Paragraph 51 requires a response, Defendant denies each and every averment and allegation of Paragraph 51 except as follows: Admits that MGM and Sonopress entered into a DVD replication agreement as of January 1, 2005, and refers the Court to that agreement for its true and complete terms.

52. Defendant denies for want of knowledge or information each and every averment and allegation of Paragraph 52, but denies that these facts are in any way material.

53. Paragraph 53 consists of conclusions of law requiring no answer; to the extent that Paragraph 53 requires a response, Defendant denies each and every averment and allegation of Paragraph 53, including its subparts.

In response to Plaintiff's claim for relief, Defendant denies that Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses to all causes of action purported to be set forth against it by Plaintiff, Defendant avers as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff is estopped from asserting the claims alleged in its Complaint.

## SECOND AFFIRMATIVE DEFENSE

### (Waiver)

Plaintiff waived any right to the relief sought.

### THIRD AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff's claims are barred by the doctrine of laches.

### FOURTH AFFIRMATIVE DEFENSE

### (Acquiescence and Consent)

Plaintiff acquiesced or consented to the acts and omissions about which they now complain.

### FIFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Plaintiff's claims are barred in whole or in part because of Plaintiff's failure to mitigate damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

### (Unjust Enrichment)

Plaintiff's claims are barred because the grant of any relief would unjustly enrich them at MGM's expense and detriment.

WHEREFORE, Defendant MGM demands judgment as follows:

    a.    That the Complaint and each cause of action therein be dismissed with prejudice;

    b.    That Plaintiff's requests for damages, remedies, fees, costs, and other relief be denied in their entirety, and that Plaintiff take nothing by way of the Complaint;

    c.    That Defendant be awarded costs of suit herein; and

  d. That the Court order such other and further relief for Defendant as the Court may deem just and proper.

Dated: October 31, 2007       By /s/ Lee K. Fink
                 Daniel M. Petrocelli (*pro hac vice*)
                 Claudia Ray
                 Lee K. Fink (*pro hac vice*)
                 Times Square Tower
                 7 Times Square
                 New York, New York 10036
                 Telephone: (212) 326-2000
                 Facsimile: (212) 326-2061

                 *Attorneys for Defendant*
                 METRO-GOLDWYN-MAYER HOME ENTERTAINMENT LLC